# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. STRINGER, | 1:08-cv-01530 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| NEIL ADLER, Warden, | |
| Respondent. | |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

      On May 23, 2000, Petitioner was sentenced in the United States District Court for the Middle District of Pennsylvania to a term of 135 months of incarceration, for violations of 21 U.S.C. §§ 843(a)(4)(B), 841(g)(1), 846. See Attachment 1 to Answer, Public Inmate Information Data. Petitioner has a projected release date, via good conduct time release, of December 20, 2009. Id.

      Petitioner filed the instant federal petition for writ of habeas corpus on October 10, 2008. He contends that the Bureau of Prisons ("BOP") has improperly refused to consider him for up to twelve months pre-release placement in an Residential Re-Entry Center ("RRC") pursuant to 18 U.S.C. §§ 3624(c), 3621(b). He asks that the Court order the BOP to transfer him to an RRC for the full twelve months authorized under the Second Chance Act of 2007. He also asks for an

1

immediate evaluation for transfer to an RRC.

Respondent filed an answer to the petition on March 24, 2009. Petitioner did not file a traverse.

DISCUSSION

I. Subject Matter Jurisdiction

Respondent argues that the petition should be dismissed because this Court lacks subject matter jurisdiction. Respondent also argues that Petitioner failed to exhaust the administrative remedies and that the petition fails to state a cognizable claim. As it is determinative in this case, the Court will recommend dismissal based on the threshold issue of whether there is subject matter jurisdiction to review Petitioner's challenge.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005). In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In the instant petition, Petitioner's claims that the BOP has failed to properly consider

him for transfer to an RRC for the full twelve months as provided in 18 U.S.C. § 3624(c) as amended by the Second Chance Act of 2007, Pub. L. No. 110-199. Respondent correctly argues that this claim does not challenge the fact or duration of Petitioner's sentence. The Ninth Circuit has clarified that release to an RRC is not a release from incarceration. Rodriguez v. Smith, 541 F.3d 1180 (9th Cir.2008). Therefore, a transfer to an RRC will not affect the fact or duration of his confinement, and therefore does not give rise to a claim for which habeas relief can be granted. Accordingly, this Court does not have subject matter to review the instant challenge under section 2241, and the petition must be dismissed.[1]

## II. BOP Policy Is Consistent With Second Chance Act

Even if the Court has subject matter jurisdiction to review the instant habeas petition, the claims presented are without merit.

18 U.S.C. § 3624(c)(1), as recently amended by the Second Chance Act, provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Pursuant to 18 U.S.C. § 3621(b), the BOP has discretion to designate an inmate to an appropriate penal facility:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

---

[1] Because the Court is without subject matter jurisdiction to review the petition under section 2241, the Court does not reach the alternative grounds for dismissal.

> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

In light of the Second Chance Act, the BOP instructed staff as follows:

> This means Bureau staff must approach every individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release RRC placement.... While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's prerelease RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

See Attachment 6 to Answer, Pre-Release RRC Transfer Guidance.

The BOP instructions are consistent with the Second Chance Act. The instructions require that all inmates be considered for pre-release transfer to an RRC for up to 12 months. The instructions further mandate that the determination be an individualized one taking into consideration at least the enumerated factors set forth in § 3621(b). Further, there is no presumption that an inmate will serve 12 months in an RRC. Section 3621(b) only provides for a maximum of 12 months, and the BOP retains sole discretion to determine how much time, if any, up to 12 months an inmate will serve in an RRC.

As to Petitioner's request for immediate consideration of his placement in an RRC, such a determination is entirely within the discretion of the BOP. The Court is not aware of any authority which would require the BOP to conduct an eligibility determination or immediate transfer upon an inmate's demand. Notwithstanding, the BOP has provided guidance on responding to an inmate's request for transfer to an RRC prior to the latter 12 months of his term. See Attachment 5 to Answer, Routine RRC Transfer Guidance. Staff are now required to consider an inmate's request for transfer at the inmate's regularly scheduled program review pursuant to the factors set forth in § 3621(c). Id. This is also consistent with the Second Chance Act.

| | |
|---|---|
| 1 | <u>RECOMMENDATION</u> |
| 2 | Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas |
| 3 | corpus be DISMISSED WITH PREJUDICE. It is FURTHER RECOMMENDED that the Clerk |
| 4 | of Court be DIRECTED to enter judgment for Respondent. |
| 5 | This Findings and Recommendation is submitted to the assigned District Judge, pursuant |
| 6 | to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the |
| 7 | Findings and Recommendation, any party may file written objections with the Court and serve a |
| 8 | copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's |
| 9 | Findings and Recommendation." Any reply to the objections shall be served and filed within ten |
| 10 | days after service of the objections. The parties are advised that failure to file objections within |
| 11 | the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 |
| 12 | F.2d 1153 (9th Cir. 1991). |

IT IS SO ORDERED.

Dated: **May 12, 2009**          /s/ **Gary S. Austin**
                         UNITED STATES MAGISTRATE JUDGE